CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 17 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CARY E. CAMPBELL, | ) |
| | ) Civil Action No. 5:05CV00087 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Cary E. Campbell, was born on September 9, 1964, and eventually completed his high school education. Mr. Campbell has worked as a machinist. He last worked on a regular basis in 2000. On August 28, 2002, Mr. Campbell filed applications for disability insurance benefits and supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In filing his more recent claim, plaintiff alleged that he became disabled for all forms of substantial gainful employment in October 2000, due to sleep apnea, sleeping disorder, generalized anxiety disorder, headaches, vision problems, balance problems, and dizziness. Mr. Campbell now

maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mr. Campbell's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 17, 2004, the Law Judge also ruled that Mr. Campbell is not disabled. The Law Judge found that plaintiff suffers from gastroesophageal reflux disease, hypothyroidism, mild sleep apnea, mild reactive depression, possible growth hormone deficiency, and obesity. The Law Judge held that this combination of conditions results in a severe impairment within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c). While the Law Judge did not so state, the Law Judge's analysis suggests a finding that Mr. Campbell is disabled for his past work as a machinist. The Law Judge determined that plaintiff retains sufficient functional capacity for a full range of sedentary exertion. Referring to the "medical vocational rules," the Law Judge concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program.[1] While Mr. Campbell sought review of the Administrative Law Judge's opinion by the Social Security Administration's Appeals Council, and while plaintiff submitted new evidence in conjunction with his request for review, the Law Judge's opinion was adopted as the final decision of the Commissioner by the

---

[1] While the Law Judge did not so state, it would seem that the Law Judge referred to the Medical Vocational Guidelines in adjudicating Mr. Campbell's claims. See 20 C.F.R. §§ 404.1569 and 416.969. In any event, as will be explained below, the Law Judge did not rely on testimony from a vocational expert in assessing plaintiff's capacity for alternate work activity. In passing, the court notes that, under the findings of the Administrative Law Judge, Rule 201.28 of the Medical Vocational Guidelines, set out under Appendix II to Subpart P of the Administrative Regulations Part 404, directs a determination of not disabled.

2

Appeals Council. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The medical record in this case reflects a substantial effort by many physicians in attempting to determine a cause for Mr. Campbell's symptoms. Unfortunately, this effort has been largely unsuccessful. It seems that plaintiff has complained of chronic fatigue, tiredness, daytime sleepiness, lethargy, and headaches, all with a sudden onset shortly before he last worked. His doctors have confirmed that Mr. Campbell suffers from gastroesophagael reflux disease and hypothyroidism. Other possible explanations for his symptoms have included sleep apnea, emotional dysfunction, growth hormone deficiency, and obesity. As noted above, the Administrative Law Judge found that plaintiff suffers from all of these problems and that the conditions limit him to sedentary levels of exertion. Without going into any great detail at the present time, the court believes that this finding is supported by substantial evidence. There is simply no objective evidence to support the notion that Mr. Campbell is disabled for lighter or sedentary forms of work activity.

3

On appeal to this court, Mr. Campbell argues that the reports from his regular treating physician, Dr. Dennis L. Hatter, should be given controlling weight. Dr. Hatter, a family practitioner, has treated Mr. Campbell for many years. Dr. Hatter has opined that plaintiff is totally disabled due to hypothyroidism and sleep apnea. Citing 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), plaintiff contends that the Law Judge erred in not adopting Dr. Hatter's opinion. However, the court believes that the Administrative Law Judge properly relied on the reports from a number of medical specialists who saw plaintiff on referral from Dr. Hatter, and who were essentially unable to identify any significant impairments which would explain the severity and persistence of Mr. Campbell's symptoms. It is well settled that, in order to establish disability on the basis of subjective complaints, a claimant must demonstrate the existence of a medical impairment that reasonably could be expected to produce the symptoms alleged. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). Moreover, the Administrative Law Judge was able to rely on testimony at the administrative hearing from a medical expert, Dr. Charles Cooke, who concluded that Mr. Campbell's impairments do not meet or equal any listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404. In short, the court finds substantial evidence to support the Law Judge's decision not to adopt Dr. Hatter's findings as to plaintiff's total disability. The court believes that the finding of residual functional capacity for sedentary exertion is fair and totally supported by the evidence of record.

On the other hand, the court is unable to conclude that the record supports the Law Judge's finding of residual functional capacity for <u>specific</u>, sedentary work roles existing in the national economy. Almost by definition, the conditions found to exist by the Law Judge include both exertional and nonexertional impairments. Based on his lack of stamina, apparently associated with the hypothyroidism, Mr. Campbell is unable to engage in rigorous physical activity. The Law Judge

4

found, and the record confirms, the existence of nonexertional impairments such as a sleep disorder and emotional dysfunction which are nonexertional in nature, and which could be expected to limit the performance of work for which plaintiff is otherwise physically capable.

The court finds that disposition of this case is governed by the decision of the United States Court of Appeals for the Fourth Circuit in Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983). In Grant, a panel of the Fourth Circuit concluded that the medical vocational guidelines, also known as the grid, are inapplicable in cases such as this where nonexertional impairments exist in combination with exertional limitations. In considering such a combination of exertional and nonexertional impairments, the Court stated in Grant as follows:

> Manifestly, if Grant demonstrates the presence of nonexertional impairments, the Secretary, in order to prevail, must be required to prove by expert vocational testimony that, despite Grant's combination of nonexertional and exertional impairments, specific jobs exist in the national economy which he can perform. The grids may satisfy the Secretary's burden of coming forward with evidence as to the availability of jobs the claimant can perform only where the claimant suffers solely from exertional impairments. To the extent that nonexertional impairments further limit the range of jobs available to the claimant, the grids may not be relied upon to demonstrate the availability of alternative work activities. Instead, in such cases the Secretary must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy. See Taylor v. Weinberger, 512 F.2d 664 (4th Cir.1975) (requiring expert vocational testimony).

699 F.2d at 192.

In Smith v. Schweiker, 719 F.2d 723 (4th Cir. 1984), the Court stated that the proper inquiry under Grant is "whether a given nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable. If the condition has that effect, it is properly viewed as 'nonexertional impairment,' thereby precluding reliance on the grids to determine a claimant's disability." 719 F.2d at 725.

5

A vocational expert was present at the administrative hearing in Mr. Campbell's case. However, the expert was only asked questions as to plaintiff's past work activities, and was not asked to consider any hypothetical questions concerning the vocational impact of Mr. Campbell's particular combination of exertional and nonexertional impairments. If plaintiff suffers from some degree of sleep apnea, as was found by the Law Judge, the condition would certainly affect performance of many sedentary work roles for which plaintiff might otherwise be capable. Moreover, in psychiatric reports submitted by plaintiff directly to the Appeals Council, Mr. Campbell's residual functional capacity for many work-related functions is said to be substantially impaired. Under the controlling decision in Grant v. Schweiker, supra, and Smith v. Schweiker, supra, the court must conclude that the Law Judge's reliance on the "medical vocational rules" in assessing plaintiff's capacity for alternate work activities cannot be deemed to be supported by substantial evidence. In such cases, it is normally necessary for the Commissioner to receive input from a vocational expert as to the combined impact of the claimant's exertional and nonexertional impairments. Grant v. Schweiker, supra.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development as to the matters specified above. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 17th day of May, 2006.

_____
United States District Judge

6

Case 5:05-cv-00087-GEC   Document 13   Filed 05/17/06   Page 6 of 6   Pageid#: 73